BWW#:VA-381182

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| IN RE: | Case No. 25-72810-SCS |
| TWARDA LEE HAMPTON | |
|     Debtor | Chapter 13 |
| _____ | |
| LAKEVIEW LOAN SERVICING, LLC C/O | |
| SERVICEMAC, LLC | |
|     Movant | |
| v. | |
| TWARDA LEE HAMPTON | |
|     Debtor/Respondent | |
| and | |
| GREGORY D STEFAN | |
|     Trustee/Respondent | |

## OBJECTION TO CONFIRMATION OF
## DEBTOR'S PROPOSED CHAPTER 13 PLAN

      COMES NOW, LAKEVIEW LOAN SERVICING, LLC C/O SERVICEMAC, LLC ("Creditor"), by and through counsel, and files its Objection to the Confirmation of Debtor's Chapter 13 Plan, and respectfully states as follows:

      1.      Creditor is a mortgage lender/servicer.

      2.      On December 2, 2025, Twarda Lee Hampton ("Debtor") filed a Voluntary Petition in this Court under Chapter 13 of the United States Bankruptcy Code.

      3.      Gregory D Stefan is the Trustee of the Debtor estate.

      4.      Creditor is the beneficiary of a Deed of Trust secured by Debtor principal residence located in Isle Of Wight County, Virginia, and commonly known as 125 The Firth, Smithfield, VA 23430 (the "Property"). Creditor is the holder of a secured claim in this case.

      5.      On December 16, 2025, Debtor filed a Chapter 13 Plan (the "Plan"). The Chapter 13 Plan fails to provide any treatment for pre-petition arrears owed to Creditor.

---

Joseph Romano, Esq., VSB# 98911
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463
*Attorney for the Creditor*

6.  Creditor is preparing to file its Proof of Claim, but has not done so as of the date of this Objection. The deadline for filing proofs of claim is set at February 10, 2026. However, after a good faith review of its records, Creditor estimates that it is owed approximately $12,302.30 as a pre-petition arrearage. Considering the remaining provisions, the plan lacks sufficient funding to cure the arrearage.

7.  Creditor rejects the plan pursuant to 11 U.S.C. § 1325(a)(5)(A), and further avers that the treatment of its claim is improper pursuant to 11 U.S.C. §§ 1322(b)(2), 1325(a)(5). Creditor's claim is not subject to modification under 11 U.S.C. § 1322(c)(2).

WHEREFORE, Creditor prays that this Court:

1.  Enter an order DENYING confirmation of the Debtor's Chapter 13 Plan; and

2.  Require Debtor to amend the Chapter 13 Plan within an imposed deadline to reflect a proper treatment of the claim; and

3.  Grant such other and further relief as necessary.

Respectfully Submitted,

Dated: _12/23/2025_

/s/ Joseph Romano
Joseph Romano VSB# 98911
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Creditor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2025, the following person(s) were or will be served with a copy of the foregoing Objection to Confirmation of Debtors Chapter 13 Plan via the CM/ECF system or by first class mail, postage prepaid:

Gregory D Stefan, Trustee
1403 Greenbrier Parkway, Suite 400
Chesapeake, VA 23320


Twarda Lee Hampton
125 The Firth
Smithfield, VA 23430
*Pro Se*

 

/s/ Joseph Romano
_____
Joseph Romano VSB# 98911
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Creditor*