# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

In re:    TWARDA LEE HAMPTON                                              Chapter 13
                                                                          Case No.: 25-72810-SCS

    Debtor

## STANDING TRUSTEE'S NOTICE OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND NOTICE OF HEARING

*NOTICE OF OBJECTION:*

    **PLEASE TAKE NOTICE** that Gregory D. Stefan, Chapter 13 Trustee (the "Trustee") has filed an Objection to Confirmation (the "Objection"), a copy of which is attached.  **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

    If you do not want the Court to deny confirmation of your Chapter 13 Plan or if you want the Court to consider your views on the Objection, then you or your attorney must attend the hearing on the Objection.

*NOTICE OF HEARING*:

    **A HEARING ON THE OBJECTION TO CONFIRMATION IS SCHEDULED FOR THURSDAY, FEBRUARY 12, 2026, AT 10:15 AM (EST) AT COURTROOM ONE, FOURTH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION, 600 GRANBY STREET, NORFOLK, VIRGINIA.**

Date: January 12, 2026                              /s/ Gregory D. Stefan
                                                    Gregory D. Stefan
                                                    Chapter 13 Standing Trustee

Gregory D. Stefan, VSB No. 40855
Chapter 13 Standing Trustee
1403 Greenbrier Parkway, Suite 400
Chesapeake, VA  23320
(757) 961-3000 Telephone
(757) 961-3001 Facsimile
gdstefan@gdsch13.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Notice of Objection and Notice of Hearing was served via First Class mail or Electronic Notice this 12th day of January, 2026 to:

TWARDA LEE HAMPTON
125 THE FIRTH
SMITHFIELD, VA 23430

                                           /s/ Gregory D. Stefan

                                           Gregory D. Stefan
                                           Chapter 13 Standing Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

In re:    TWARDA LEE HAMPTON              Chapter 13
                                          Case No.: 25-72810-SCS

Debtor

## STANDING TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW Gregory D. Stefan, Chapter 13 Standing Trustee, and hereby respectfully objects to confirmation by the Court of a Plan submitted by the Debtor, filed, December 16, 2025, on the following grounds:

1. Part 4A of the Plan proposes to cram down secured claims, but the Debtor did not serve the required Special Notice to Secured Creditors.  Debtor needs to file the Special Notice, which can be found on the Bankruptcy Court's website form page at www.vaeb.uscourts.gov, and serve it by certified mail on an officer of Bank of America at its headquarters address pursuant to Fed. R. Bankr. P. 7004(h) and serve the other secured creditors pursuant to Fed. R. Bankr. P. 7004(b)(3) by mailing the Special Notice to an officer of each creditor at the headquarters address or upon each creditor's registered agent.

2. Part 4D of the Plan does not contain a sufficient interest rate for the nontax secured creditors as required by Till v. SCS Credit Corp., 541 U.S. 465 (2004).  The Debtor should pay each creditor an interest rate not less than Prime plus 2% on debts other than tax debts.  Tax debts must receive the applicable nonbankruptcy interest rate as required by 11 U.S.C. § 511(a).

3. Part 4D provides that the Town of Smithfield will be paid $866.22 on its tax lien claim.  Smithfield filed a proof of claim listing a $1,269.31 secured claim.  The Plan must be amended to list the correct amount of the claim to be paid with interest.

4. Part 4D of the Plan lists a lesser amount ($2,150.00) to be paid to Aqua Finance, Inc. than that which is listed on the creditor's proof of claim ($7,079.40).

5. Part 5A of the Plan lists a 0% dividend to be paid to unsecured creditors.  Unsecured creditors should be paid a dividend of at least 1%.

6. The disposable income is $3,580.48, but the plan payment is only $1,540.00.  Debtor is not committing all of her disposable income as required by Section 1325(b).

7. It appears Schedules I and J were not attached to the Plan filed with the Court.

Gregory D. Stefan, VSB No. 40855
Chapter 13 Standing Trustee
1403 Greenbrier Parkway, Suite 400
Chesapeake, VA  23320
(757) 961-3000 Telephone
(757) 961-3001 Facsimile
gdstefan@gdsch13.com

8. Part 6A of the Plan fails to treat the mortgages with Lakeview Loan Servicing and PHH Mortgage Services. Instead, Debtor's Schedule J states that the mortgage payments are suspended pending loss mitigation/forbearance and that Debtor has a pending mortgage assistance application. The loans must be provided for and any arrearage paid unless and until the loss mitigation application is approved.

9. Isle of Wight filed Claim No. 1 on December 3, 2025 listing a priority claim in the amount of $5,079.74 which is not treated in Part 3B of the Plan as required by Section 1322(a)(2).

10. The note to Debtor's Schedule J states that Debtor is not currently making her mortgage payments due to a pending mortgage assistance review. The Trustee requests all documents relating to that request for assistance.

WHEREFORE, the Standing Trustee objects to confirmation of the proposed Chapter 13 Plan.

Date: January 12, 2026                    /s/ Gregory D. Stefan

                                          Gregory D. Stefan
                                          Chapter 13 Standing Trustee

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Objection was served via First Class mail or Electronic Notice this 12th day of January, 2026 to:

TWARDA LEE HAMPTON
125 THE FIRTH
SMITHFIELD, VA 23430

                                                /s/ Gregory D. Stefan

                                                Gregory D. Stefan
                                                Chapter 13 Standing Trustee