CLERK
U.S. BANKRUPTCY COURT
NEWPORT NEWS DIVISION
2026 AUG 13 PM 1:30
FILED

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF VIRGINIA**

**NORFOLK DIVISION**

**In re:** **Case No. 25-72810-SCS**

**TWARDA LEE HAMPTON,** **Chapter 13**
Debtor.

---

## EMERGENCY MOTION FOR STAY PENDING APPEAL AND FOR OTHER RELIEF UNDER FED. R. BANKR. P. 8007

COMES NOW the Debtor, Twarda Lee Hampton, proceeding pro se, and respectfully moves under Federal Rule of Bankruptcy Procedure 8007 for a stay of the effect of the Order of Dismissal entered August 7, 2026 [Doc. 49], and for such prospective relief as the Court determines is authorized to preserve the status quo while appellate review is pursued.

**1.** On August 7, 2026, the Court entered the Order of Dismissal [Doc. 49], dismissing this Chapter 13 case without prejudice.

**2.** The dismissal order states that the case was dismissed for failure to comply with the February 2, 2026 Order Denying Confirmation by failing to file a modified plan.

**3.** A modified Chapter 13 plan had been filed on May 4, 2026. That plan was later stricken on June 24, 2026 because of missing information.

**4.** On July 29, 2026, Debtor provided amended Schedules I and J to counsel of record reflecting changed income circumstances and her asserted ability to fund a modified plan. No corrected modified plan was thereafter filed on Debtor's behalf before dismissal.

**5.** On August 10, 2026, three days after entry of dismissal, Debtor filed her Motion to Reconsider and Vacate Order of Dismissal [Doc. 52] under Rules 9023 and 9024.

**6.** On August 11, 2026, the Court entered Doc. 56 denying Debtor's earlier Emergency Motion for Temporary Relief Pending Ruling on Motion to Reconsider. The Court concluded that after dismissal it lacked jurisdiction to reimpose the automatic stay or issue the requested injunctive relief and also identified Rule 65 notice and Rule 7001(g) procedural defects in that earlier request.

**7.** After Debtor corrected service of the Motion to Reconsider and Notice of Motion upon creditors and parties in interest, Debtor filed a renewed Request for Expedited Hearing on August 12, 2026.

**8.** On August 12, 2026, the Court entered its Order Granting Request for Expedited Hearing [Doc. 61]. The Order records Debtor's representation that her vehicles are at risk of immediate repossession because the automatic stay is not currently in effect and that she attempted to

resolve the matter by contacting the relevant creditors.

**9.** After considering those representations, the Court found that good cause had been established, granted expedited consideration, and set the Motion to Reconsider and Vacate Order of Dismissal for hearing on August 20, 2026 at 10:00 a.m.

**10.** The Court further directed the Clerk to send notice of the August 20 hearing to Debtor, counsel, the Chapter 13 Trustee, and all creditors and parties in interest.

**11.** Debtor is filing a Notice of Appeal from the August 7, 2026 Order of Dismissal. Debtor acknowledges that Rule 8002(b) governs the effectiveness of a notice of appeal filed while a qualifying post-judgment motion remains pending.

**12.** This motion is brought under Rule 8007 in connection with appellate review of the dismissal order. Debtor respectfully requests only relief the Court determines is authorized under Rule 8007 and does not ask the Court to disregard its ruling in Doc. 56.

## ARGUMENT

### A. Likelihood of success / substantial appellate issue

Debtor submits that the appeal presents a substantial issue concerning whether dismissal should remain in effect where a modified plan had been filed, was later stricken for missing information, and Debtor supplied updated financial information to counsel before dismissal but no corrected plan was filed on her behalf. Debtor acted three days after dismissal to seek reconsideration and promptly corrected the service issue identified by the Court. Debtor does not contend that the Court's grant of an expedited hearing constitutes a finding on the merits; rather, she relies on it as confirmation that the pending reconsideration matter warrants prompt judicial consideration.

### B. Irreparable harm absent interim relief

Following dismissal, the automatic stay is not in effect. The August 12 Order expressly records Debtor's representation that her vehicles face immediate repossession for that reason. The Court thereafter found good cause for expedited consideration. Repossession and disposition of a financed vehicle before the August 20 hearing could materially impair the practical value of later reinstatement or appellate relief. The relief requested is intended to preserve the status quo until judicial review can occur.

### C. Harm to other interested parties

The requested relief is narrow and temporary. The August 20 hearing is already scheduled, and the Clerk has been directed to provide notice to all creditors and parties in interest. Debtor seeks preservation of the status quo, not final adjudication of any creditor's rights.

### D. Public interest

A short stay would promote orderly judicial review and reduce the risk that intervening disposition of property renders the pending proceedings practically ineffective.

## REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests that the Court: (1) stay the effect of the August 7, 2026 Order of Dismissal pending appeal to the extent authorized by Rule 8007; (2) enter such prospective order under Rule 8007 as the Court determines is authorized and necessary to preserve the status quo with respect to Debtor's secured property; (3) grant expedited consideration because the reinstatement hearing is set for August 20, 2026; and (4) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Twarda L. Hampton

Twarda Lee Hampton, Debtor, Pro Se
125 The Firth
Smithfield, VA 23430-1672
Phone: 757-323-0391
Date: August 13, 2026

## CERTIFICATION REGARDING REQUEST FOR EXPEDITED CONSIDERATION

**1.** I have carefully examined the matter and conclude that expedited consideration is needed because the case is dismissed, the automatic stay is not presently in effect, and the Court's August 12, 2026 Order records the asserted immediate risk of vehicle repossession before the August 20 hearing.

**2.** I did not create the present emergency through lack of diligence. I filed the Motion to Reconsider three days after dismissal, corrected the service issue identified by the Court, and obtained an expedited August 20 hearing.

**3.** I previously sought temporary relief in the bankruptcy court. That request was denied by Doc. 56. This filing requests relief under Rule 8007 in connection with appellate review.

Twarda L. Hampton
Twarda Lee Hampton, Debtor, Pro Se
Date: August 13, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2026, a true and correct copy of this Emergency Motion for Stay Pending Appeal and for Other Relief Under Fed. R. Bankr. P. 8007, together with the request for expedited consideration, was served upon the parties listed below at the addresses shown. Service was made by First-Class U.S. Mail, postage prepaid, except that Aqua Finance Inc.; both Bank of America entries; County of Isle of Wight; Discover Card; Navy Federal Credit Union; and Town of Smithfield were served by Certified Mail, postage prepaid.

**1.** TD BANK USA N.A., c/o WEINSTEIN & RILEY P.S., 749 GATEWAY STE G601, ABILENE TX 79602-1196

**2.** TARGET CARD SERVICES, c/o WEINSTEIN & RILEY P.S., 749 GATEWAY STE G601, ABILENE TX 79602-1196

**3.** The Secretary of Veterans Affairs, Attn: Mary Christine Maggard, 1661 Worthington Rd., Ste. 100, West Palm Beach, FL 33409-6493

**4.** Office of the U.S. Trustee, 200 Granby Street, Room 625, Norfolk, VA 23510-1814

**5.** United States Bankruptcy Court, 600 Granby St., Room 400, Norfolk, VA 23510-1915

**6.** AQUA FINANCE INC, ONE CORPORATE DRIVE SUITE 300, WAUSAU WI 54401-1724 **[CERTIFIED MAIL]**

**7.** Army & Air Force Exchange Services, Attention: GC-G, 3911 S. Walton Walker Blvd, Dallas, TX 75236-1509

**8.** BANK OF AMERICA, ATTN: OFFICER, MAIL CODE FL9-60002-79, 9000 SOUTHSIDE BLVD, BUILDING 600, JACKSONVILLE FL 32256-0789 **[CERTIFIED MAIL]**

**9.** Bank of America, N.A., ATTN: OFFICER, PO BOX 31785, Tampa, FL 33631-3785 **[CERTIFIED MAIL]**

**10.** Brock and Scott, PLLC, Attn: Mary Christine Maggard, 3825 Forrestgate Dr, Winston-Salem, NC 27103

**11.** COUNTY OF ISLE WIGHT, Attn: Julie Slye, PO BOX 79, ISLE OF WIGHT, VA 23397-0079 **[CERTIFIED MAIL]**

**12.** DEPARTMENT OF VETERAN AFFAIRS, DEBT MANAGEMENT CENTER, BISHOP HENRY WHIPPLE FEDERAL BUILDING, P.O. BOX 11930, ST. PAUL, MN 55111-0930

**13.** DISCOVER CARD, ATTN: OFFICER, PO BOX 3025, NEW ALBANY OH 43054-3025 **[CERTIFIED MAIL]**

**14.** DRIVE ELIZABETH RIVER TUNNELS (DriveERT), PO BOX 412362, BOSTON, MA 02241-2362

**15.** EXCHANGE CREDIT PROGRAM, PO BOX 650410, DALLAS TX 75265-0410

**16.** HAMPTON ROADS WATER SERVICES, 311 ED WRIGHT LN SUITE G, NEWPORT NEWS VA 23606-4398

**17.** LAKEVIEW LOAN SERVICING LLC, Attn: Bryce Lee Robertson, 4425 PONCE DE LEON BLVD, MS 5-251, CORAL GABLES FL 33146-1839

**18.** Lakeview Loan Servicing, LLC, c/o ServiceMac, LLC, Attn: Bryce Lee Robertson, 9726 Old Bailes Road Suite 200, Fort Mill, SC 29707-7882

**19.** NAVY FEDERAL CREDIT UNION, ATTN: OFFICER, PO BOX 3000, MERRIFIELD VA 22119-3000 **[CERTIFIED MAIL]**

**20.** PENN CREDIT CORPORATION, PO BOX 69703, HARRISBURG PA 17106-9703

**21.** PHH MORTGAGE SERVICES, P.O. BOX 24738, WEST PALM BEACH FL 33416-4738

**22.** PHH Mortgage Corporation, Attn: Bankruptcy Department, P.O. Box 24605, West Palm Beach, FL 33416-4605

**23.** PROFESSIONAL ACCOUNT MANAGEMENT (PAM-VDOT), PO BOX 500, HORSEHEADS, NY 14845-0500

**24.** Quantum3 Group LLC as agent for Aqua Finance Inc, PO Box 788, Kirkland, WA 98083-0788

**25.** AQUION INC / RAINSOFT, 101 S GARY AVE UNIT A, ROSELLE IL 60172-1672

**26.** SERVICEMAC LLC, PO BOX 100078, DULUTH GA 30096-9377

**27.** TOLL PAYMENT PROCESSING CENTER, PO BOX 1234, CLIFTON FORGE, VA 24422-0724

**28.** TOWN OF SMITHFIELD, PO BOX 246, SMITHFIELD, VA 23431-0246 **[CERTIFIED MAIL]**

**29.** TRANSWORLD SYSTEMS INC (TSI), PO BOX 15110, WILMINGTON DE 19850-5110

**30.** US Department of Veterans Affairs, PO Box 11930, St. Paul, MN 55111-0930

**31.** VA COLLECTION CO, INC, PO BOX 211, WINDSOR VA 23487-0211

**32.** VIRGINIA DEPARTMENT OF TRANSPORTATION/EZPASS, 2310 WEST BROAD STREET, RICHMOND VA 23220

**33.** Gregory D. Stefan, Chapter 13 Trustee, 1403 Greenbrier Parkway, Suite 400, Chesapeake, VA 23320

**34.** Matthew W. Cheney, Office of the U.S. Trustee, Region 4-N, 200 Granby Street, Room 625, Norfolk, VA 23510-1819

**35.** William Harville, The Law Office of William Harville, P.O. Box 460, Urbanna, VA 23175

**36.** Lakeview Loan Servicing, LLC c/o ServiceMac, BWW Law Group, LLC, Attn: Joseph Romano, 8100 Three Chopt Rd., Suite 240, Richmond, VA 23229-4833

**37.** Langley Federal Credit Union, Attn: Mary Christine Maggard, 11742 Jefferson Avenue, Suite 300, Newport News, VA 23606-4409

Twarda L. Hampton
_______________________________
Twarda Lee Hampton, Debtor, Pro Se
Date: August 13, 2026